**NOT FOR  PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
                                              :
PHILIP MORRIS USA INC.,                       :
                                              :
              Plaintiff,                      :
                                              :        Civil Action No. 07-4599 (JAG)
              v.                              :
                                              :                 **OPINION**
DORTA BARS & LIQUORS INC., a New  :
Jersey corporation doing business as          :
DORTA LIQUORS; PEDRO VASQUEZ,     :
individually and doing business as OHANY  :
GROCERY; MING CHENG, individually     :
and doing business as SUMMIT CHINESE  :
RESTAURANT; SUNNY WOK CHINESE  :
RESTAURANT; BOULEVARD WINE &      :
SPIRIT, also known as BLVD WINE               :
SPIRIT LIQUOR STORE and CHIST                 :
ANTHONY BAR & LIQUOR STORE;                   :
FUDHAEL FNU, individually and doing           :
business as KENNEDY DELI and BRUINS  :
HOT BAGELS; and DOES ONE through          :
TEN, inclusive,                               :
                                              :
              Defendants.                     :
_____:

**GREENAWAY, JR., U.S.D.J.**

    This matter comes before this Court (Docket Entry No. 24) on the motion, filed by

plaintiff, Philip Morris USA Inc. ("Plaintiff" or "Philip Morris"), seeking entry of default

judgment against defendants, Pedro Vasquez, individually and doing business as Ohany Grocery,

and Boulevard Wine & Spirit, also known as Blvd Wine Spirit Liquor Store (collectively,

"Defendants"), pursuant to FED. R. CIV. P. 55(b)(2).  For the reasons stated below, this motion

shall be granted, but judgment with respect to the award of an amount of damages will be

reserved.

## I. <u>FACTS</u>

Plaintiff manufactures MARLBORO brand cigarettes. (Compl. ¶ 12.)  Plaintiff is the

United States owner of Marlboro trademarks under which MARLBORO cigarettes are sold.

(Compl. ¶ 10.)  The MARLBORO trademarks include MARLBORO, MARLBORO Red Label,

and MARLBORO LIGHTS Label. (Compl. ¶ 11.)

"Between August 2006 and July 2007, purchasers employed by firms under contract with

[Plaintiff] purchased one or more packs of cigarettes" bearing the MARLBORO and/or

MARLBORO LIGHTS trademarks from Defendants' retail establishments. (Compl. ¶ 13.)

When these packs were brought to Plaintiff's facility, Plaintiff's employees examined the

cigarettes and determined that the cigarettes were counterfeit MARLBORO brand cigarettes.

(Compl. ¶ 14.)  Plaintiff alleges that Defendants have sold cigarettes bearing similar marks to its

MARLBORO brand cigarettes, such that the logo could confuse and disappoint customers who

intended to buy genuine MARLBORO brand cigarettes. (Compl. ¶ 15.)  Plaintiff alleges that

Defendants have infringed on Plaintiff's registered trademarks, in violation of the Lanham Act,

15 U.S.C. §1114 and 15 U.S.C. §1125(a), as well as New Jersey state common law.  Plaintiff

argues it is entitled to damages based on these violations, pursuant to 15 U.S.C. §1117. (Compl.

¶ 29(D).)

Plaintiff now requests this Court to impose a permanent injunction and award damages to

it, as a result of Defendants' violations of the Lanham Act.

## II. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 55(b)(2) governs the entry of default judgment.  The

Rule states:

> In all other cases, the party must apply for default judgment.  A default judgment
> may be entered against a minor or incompetent person only if represented by a
> general guardian, conservator, or other like fiduciary who has appeared. If the
> party against whom a default judgment is sought has appeared personally or by a
> representative, that party or its representative must be served with written notice
> of the application at least 3 days before the hearing.

FED. R. CIV. P. 55(b)(2).  "The Federal Rules of Civil Procedure commit the entry of a default

judgment against a party to the sound discretion of the trial court." <u>F.T.C. v. Packers Brand</u>

<u>Meats, Inc.</u>, 562 F.2d 9, 11 (8th Cir. 1977).

"Default establishes the defaulting party's liability for the well-pleaded allegations of the

complaint." <u>United States v. Gant</u>, 268 F. Supp. 2d 29, 32 (D.D.C. 2003) (citing <u>Brock v.</u>

<u>Unique Racquetball & Health Clubs, Inc.</u>, 786 F.2d 61, 65 (2d Cir. 1986)).  Default does not

establish liability for the amount of damages claimed by the plaintiff.  <u>Flaks v. Koegel</u>, 504 F.2d

702, 707 (2d Cir. 1974) ("While a default judgment constitutes an admission of liability, the

quantum of damages remains to be established by proof unless the amount is liquidated or

susceptible of mathematical computation.").  "The district court must instead conduct an inquiry

in order to ascertain the amount of damages with reasonable certainty." <u>Credit Lyonnais Secs.</u>

<u>(USA), Inc. v. Alcantara</u>, 183 F.3d 151, 155 (2d Cir. 1999).

The district court has considerable latitude in determining the amount of damages. <u>Jones</u>

<u>v. Winnepesaukee Realty</u>, 990 F.2d 1, 4 (1st Cir. 1993).  In determining the amount of damages,

the district court may conduct a hearing.  FED. R. CIV. P. 55(b)(2).  The court is not required to do

so, however, "as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 111 (2d Cir. 1997). "It is familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." Pope v. United States, 323 U.S. 1, 12 (1944).

### III.  JURISDICTION

Before default judgment may be entered against a party that has not filed responsive pleadings, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986).

This Court finds that subject matter jurisdiction is proper under 28 U.S.C. §1331. This action involves a federal question; namely, the interpretation of the Lanham Act, 15 U.S.C. §1114. This Court also has personal jurisdiction over Defendants, since Defendants are residents of the state of New Jersey and Defendants' businesses are incorporated in New Jersey. Williams, 802 F.2d at 1203.

### IV. ANALYSIS

**A.    Default Judgment**

Defendants have failed to appear, or otherwise plead, in response to the Complaint, which was filed on September 26, 2007 and served on Defendants on November 9, 2007. (See Executed Summons for Boulevard Wine & Spirit and Pedro Vasquez dated November 9, 2007 (Docket Entry No. 7).) Plaintiff requested an entry of default by the Clerk of the Court before

filing the instant motion.  Plaintiff requests that this Court permanently enjoin Defendants from selling counterfeit MARLBORO and/or MARLBORO LIGHTS brand cigarettes.   This Court finds that default judgment is appropriate, under FED. R. CIV. P. 55(b)(2), on all counts of the Complaint, and thus grants the Plaintiff's request for a permanent injunction.[1]

**B.      Damages**

Plaintiff requests that this Court impose statutory damages under the Lanham Act, 15 U.S.C. §1117(c) in an amount not less than $2,000.  The Lanham Act, 15 U.S.C. §1117(c), states in pertinent part:

> the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a) of this section, an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of (1) not less than $1000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

15 U.S.C. §1117(c) (2008).  In its request for damages, however, Plaintiff has not provided any explanation as to why an amount "not less than $2,000" is a just award of damages.  Plaintiff is directed to submit an affidavit with documentation supporting its request for damages before this Court can rule.  At this juncture, this Court shall reserve judgment on the issue of the amount of damages required for a just award.

---

[1] Generally, in determining whether to issue a permanent injunction, courts " must determine if the plaintiff has actually succeeded on the merits (i.e., met its burden of proof). If so, the court must then consider the appropriate remedy." Am. Civil Liberties Union of N.J. v. Black Horse Pike Reg'l Bd. of Educ., 84 F.3d 1471, 1477 (N.J. 1996) (citing CIBA-GEIGY Corp. v. Bolar Pharmaceutical Co., Inc., 747 F.2d. 844, 850 (3d Cir. 1984)).  Here, Plaintiff alleges in the complaint that "Defendants have sold, offered for sale or otherwise contributed to the sale" of counterfeit MARLBORO and/or MARLBORO LIGHTS cigarettes. (Compl. ¶ 3.)  Plaintiff has requested a permanent injunction to enjoin Defendants from selling counterfeit MARLBORO and/or MARLBORO LIGHTS cigarettes.

## V. <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's motion (Docket Entry No. 24) for default judgment is granted.  This Court shall reserve judgment on the issue of the amount of a just award of damages until Plaintiff submits an affidavit with documentation supporting its request for damages.

Date: March 30, 2009

S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.
